UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL DOCKET NO. 3:92CR298-1-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MICHAEL SEARCY, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on a letter from the Federal Bureau of Prisons (BOP) informing the Court, as it instructed in a previous order forbearing payment of criminal monetary penalties, about the work status of Defendant. The Defendant sent the Court two letters in response to the BOP letter.

After being found guilty of various drug offenses, the Court sentenced the Defendant to a term of imprisonment, and it also imposed a $100 assessment and a $1,500 fine. By order on October 14, 1999, the Court instituted a schedule of payments on these penalties, $100 per year due in four, quarterly payments of $25. On June 19, 2000, the Court granted the Defendant a six-month forbearance on payment of those penalties because the Defendant was injured and unable to work. By order on March 2, 2001, the Court granted an indefinite forbearance of payment on those penalties until the BOP notified the Court that the Defendant regained his ability to work. The BOP sent the Court such a notification on September 14, 2006. On September 15, 2006, the Defendant responded with two letters.

1

In its notification to the Court, the BOP states that the Defendant has maintained employment since February 23, 2006. The Defendant works regularly, though with some medical restrictions. As of September 2006, the Defendant had accumulated $751.50 in his commissary account. Consequently, the BOP requests that the Court remove its forbearance from payment of his penalties.

In his two letters, the Defendant requests a re-sentencing and an opportunity to respond to the letter of the BOP. The Defendant argues that the Court does not possess sufficient, accurate information to reimpose the payment schedule it ordered almost eight years ago.[1] Despite the contentions of the Defendant, the Court finds the information before it to be sufficient and accurate for the purposes of this order.

The Court initially finds that, having submitted two letters and several documents in support, the Defendant has had an adequate opportunity to respond to this matter. Further, the Court does not find it necessary to hold a hearing to determine a schedule of payments for the Defendant. Rather, in accord with its more recent Judgements, the Court will <u>amend</u> the Schedule of Payments in the Judgment of the Defendant to read as follows:

Having assessed the defendant's ability to pay, payment of the total criminal

---

[1] In questioning the "accuracy" of the BOP letter, the Defendant also notes that prison documents from 2005 and 2006 indicate that he has "no financial obligations." Although unclear, it appears that the Defendant is questioning whether any outstanding balance on the penalties imposed remains. However, the report from 2006 states that the Defendant has paid his $100 assessment but still has an outstanding balance of $1,250 on his fine. The report of "no financial obligations" likely refers to the forbearance in payments ordered by the Court.

monetary penalties shall be due as follows:

...

    B    __X__ Payment to begin immediately (may be combined with ... __X__ (D) below);

...

    D    __X__ Payment in equal monthly installments of $50.00 to commence sixty (60) days after release from imprisonment to a term of supervision. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. Probation Officer shall pursue collection of the amount due, and may request the court to establish or modify a payment schedule if appropriate under 18 U.S.C. § 3572.

Furthermore, having not expressly stated otherwise, the Court requires that payment of criminal monetary penalties shall be due during the period of imprisonment. See 18 U.S.C. § 3572(d)(1) (stating that "a person sentenced to pay a fine or other monetary penalty ... shall make such payment immediately").

    Regarding a schedule of payments, the Court notes that the Defendant has

several options, including the Inmate Financial Responsibility Program (IFRP).[2] If the Defendant chooses to participate in the IFRP, the BOP provides a series of administrative remedies to resolve related disputes, such as the timing and amount of payments. See 28 C.F.R. §§ 542.13-15.[3] Therefore, having amended the Judgment of Defendant so as to require immediate payment of all criminal monetary penalties, the Court need not re-evaluate or create a schedule of payments for the Defendant.

**IT IS, THEREFORE, ORDERED** that:

> **1)** the March 2, 2001 order of the Court granting the Defendant a forbearance from payment is hereby **VACATED**;
>
> **2)** the Clerk of the Court shall **AMEND** the Judgment of the Defendant. The Judgment shall maintain all terms and conditions of the previous Judgment except with respect to the Schedule of Payments, which shall read as quoted in the body of this Order;
>
> **3)** the motion of the Defendant for an opportunity to respond shall be

---

[2] The IFRP, administered by the BOP, encourages and assists inmates with developing a financial plan for satisfaction of federal obligations. Participation in the IFRP is voluntary. See Summersett v. Bauknecht, 496 F. Supp. 2d 636, 641 (D.S.C. 2007); 28 C.F.R. § 545.10.

[3] The Court notes that payment schedules devised under the IFRP do not constitute an improper delegation of authority from the Court to the BOP. See United States v. Watkins, 161 Fed. Appx. 337 (4th Cir. 2006) (unpublished). Rather, the BOP provides the IFRP as a means for prisoners to fulfill their financial obligations, which in this case, includes the amended judgment of the Court requiring the immediate payment of all criminal monetary penalties. See Summersett v. Bauknecht, 496 F. Supp. 2d 636, 642 (D.S.C. 2007).

**DENIED** as moot; and

**4)** the motion of the Defendant for re-sentencing shall be **DENIED**.

So ordered.

Signed: May 21, 2008

Frank D. Whitney
United States District Judge